## 18408. BAXLEY v. THOMAS.

STEPHENS, J. 1. An affidavit as the basis of warrant to dispossess a tenant can not, by a motion for a new trial, be attacked for insufficiency in the description of the premises, or for duplicity in the grounds alleged in the affidavit. These objections should be made by demurrer or by a motion to dismiss, in the nature of a demurrer.

2. This being a proceeding to dispossess a tenant upon the ground that he was holding over beyond his term, and also upon the ground that he had not paid the rent when due, and the former ground being established as true by undisputed evidence, the court did not err in directing the jury to find a verdict in favor of the plaintiff for the premises in dispute.

3. Since, in a proceeding to dispossess a tenant, the statute (Civil Code of 1910, § 5389) provides not only for the restoration of the premises to the landlord, but for a recovery of double rent under certain conditions, the court did not, as against an exception that in such a proceeding rent is not recoverable, err in directing the jury to find in favor of the plaintiff in a certain sum as rent.

4. Since counsel for the plaintiff in error, in the brief and argument, expressly limits his insistence upon the insufficiency of the evidence to support the verdict solely to the ground that the "evidence does not follow the affidavit," and the "verdict does not follow the affidavit and the warrant," this court is not bound to inquire as to the sufficiency of the evidence to support the verdict otherwise than as insisted upon by counsel in the brief and argument.

5. There is no merit in the exception made to the sufficiency of the evidence to support the verdict for the reason stated by counsel for the plaintiff in error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 22, 1928.

*H. L. Williams,* for plaintiff in error.
*H. J. Lawrence,* contra.